UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| GLEN D.[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00179-MPB-MJD |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Claimant Glen D. requests judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying his application for a Period of Disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. § 423(d). Judge Matthew P. Brookman has designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 15.] For the reasons set forth below, the Magistrate Judge recommends that the Court **REVERSE** and **REMAND** the decision of the Commissioner.

**I. Background**

Claimant applied for DIB in December 2019, alleging an onset of disability as of April 11, 2018. [Dkt. 5-5 at 5.] Claimant's application was denied initially and upon reconsideration,

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

and a hearing was held before Administrative Law Judge Michael Scurry ("ALJ") on May 11, 2022. [Dkt. 5-2 at 45.] On June 1, 2022, ALJ Scurry issued his determination that Claimant was not disabled. *Id.* at 21. The Appeals Council then denied Claimant's request for review on October 31, 2022. *Id.* at 2. Claimant timely filed his Complaint on November 10, 2022, seeking judicial review of the ALJ's decision. [Dkt. 1.]

## II. Legal Standards

To be eligible for benefits, a claimant must have a disability pursuant to 42 U.S.C. § 423. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a sequential, five-step analysis: (1) if the claimant is engaged in substantial gainful activity, he is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits his ability to perform basic work activities, he is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three, and is able to perform his past relevant work, he is not disabled; and (5) if the claimant is not found to be disabled at step three, cannot perform his past relevant work, but can perform certain other available work, he is not disabled. 20 C.F.R. § 404.1520. Before continuing to step four, the ALJ must assess the claimant's residual functional capacity ("RFC") by "incorporat[ing] all of the claimant's limitations supported by the medical record." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019).

In reviewing Claimant's appeal, the Court will reverse only "if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence." *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). Thus, an ALJ's decision "will be upheld if supported by substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019).

An ALJ need not address every piece of evidence but must provide a "logical bridge" between the evidence and his conclusions. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). This Court may not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Where substantial evidence supports the ALJ's disability determination, the Court must affirm the decision even if "reasonable minds could differ" on whether Claimant is disabled. *Id.*

### III. ALJ Decision

The ALJ first determined that Claimant had not engaged in substantial gainful activity since the alleged onset date of April 11, 2018. [Dkt. 5-2 at 24.] At step two, the ALJ found that Claimant had the following severe impairments: "Meniere's disease; sensorineural hearing loss; osteoarthritis status post left total hip arthroplasty; and obesity." *Id.* At step three, the ALJ found that Claimant's impairments did not meet or equal a listed impairment during the relevant time period. *Id.* The ALJ then found that, during the relevant time period, Claimant had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally push and/or pull with the left lower extremity; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can tolerate a moderate noise level as defined in Selected Characteristics of Occupations; and should avoid concentrated exposure to noise and hazards, such as unprotected heights.

3

*Id.* at 26.

At step four, the ALJ found that Claimant was able to perform his past relevant work as a vice president and president of a corporation during the relevant time period. *Id*. at 37. Accordingly, the ALJ concluded Claimant was not disabled. *Id.* at 38.

### IV. Discussion

Claimant retired from his position as the Chairman of the Board and Chief Executive Officer of a corporation in January 2018. [Dkt. 5-2 at 56.] He testified that, prior to his retirement, he had been diagnosed with Meniere's disease, which caused symptoms that affected his work, and was also having difficulty with hearing. *Id.* at 62. In fact, Claimant testified that he chose to retire when he did because of his health problems. Claimant alleges that his symptoms became disabling in April 2018, when he began having severe vertigo episodes. He testified that

> most of 2018 [the vertigo episodes] were regular occurrences. And then . . . I think I had my [perfusion treatment] in late '18 and that helped alleviate the vertigo and nausea, but they would still come at the most inopportune times. I could be out, you know, with my wife and it would hit. I'd have to go home. I'd be at a restaurant with friends and it would hit and I'd have to head home. And it was just at the most unusual times it would hit.

*Id.* at 65. Claimant underwent a second perfusion treatment in March 2020 which alleviated his vertigo symptoms; however, he testified that he then began having "severe dizziness and balance [issues.]" *Id.* at 67. Claimant testified that during the relevant time frame, from April 2018 to July 2021, he "probably would have been missing [work] consistently a week to ten days a month" due to his symptoms. *Id.* at 76.

Because the vocational expert testified at the hearing that no jobs would be available to someone who missed work several days per month, *id.*, if the ALJ fully credited Claimant's

testimony about the extent and effects of his symptoms, a finding of disabled would have been required. The ALJ did not fully credit Claimant's testimony, however, instead finding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* at 28. The ALJ then stated that "the objective medical evidence and the claimant's treatment history are only somewhat consistent with the degree of subjective allegations alleged," and then provided a lengthy and thorough summary of the evidence of record. *See id.* at 29-35. The ALJ then stated that "[w]hile the claimant's imaging and exam findings are somewhat consistent with his complaints, the record, when considered as a whole, is not supportive of the contention that the existence of these impairments preclude all types of work," *id.* at 36, summarized the medical opinions in the record, and concluded:

> Upon review of the entire medical record, the undersigned concludes that the claimant's allegations regarding the symptoms of his impairments and his resulting limitations are not entirely consistent with the objective medical evidence. In addition, the factors listed in SSR 16-3p support a finding that the claimant's complaints are credible only to the extent that they are consistent with the residual functional capacity set forth above.

*Id.* at 37. Unfortunately, however, nowhere does the ALJ explain **why** he believes the medical evidence is not consistent with Claimant's allegations. *See Michael v. Saul*, 2021 WL 1811736, at *8 (N.D. Ind. May 6, 2021) ("A summary is not analysis, as it does not explain *why* the evidence summarized undermined Plaintiff's statements about [her] symptoms or limitations, or which statements were inconsistent.") (emphasis in original) (citing *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008)). The closest the ALJ comes to providing an explanation is the following statement:

5

> [T]he claimant's exam and imaging findings; improvement with medication and perfusion treatment; improvement following hip replacement surgery; and ability to walk one to two miles daily, golf, and ride his motorcycle do not support further limitations [than those set forth in the RFC].

[Dkt. 5-2 at 36.] This statement falls short of the ALJ's obligation to "'provide a logical bridge between the evidence and his conclusions.'" *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021)). "[A]s with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). The ALJ simply failed to do so here.

Claimant asserts that the ALJ improperly relied on various normal findings contained in the ALJ's summary of the medical record that are not relevant to Claimant's alleged disability. There are certainly many such irrelevant findings noted by the ALJ, but there is no way to know whether the ALJ considered those findings in making his decision. On the other hand, the Commissioner points to the relevant evidence included in the ALJ's summary that she argues supports a finding of non-disability. There may indeed be such evidence of record, but because the ALJ did not explain what evidence he found relevant and how that relevant evidence supported his conclusion, the ALJ's decision cannot be affirmed. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (remand required because the ALJ failed to "adequately articulate her analysis so that we can follow her reasoning").

## V. Conclusion

For the reasons stated above, the Undersigned **RECOMMENDS** that the Commissioner's decision be **REVERSED** and **REMANDED for further proceedings consistent with this Report and Recommendation**.

6

    Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

    SO ORDERED.

Dated: 13 NOV 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.